# **EXHIBIT A**

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

AYELNISH ADDIS,

    Plaintiff,

v.                                                  CASE NO.:

GLOBAL CROSSING AIRLINES, INC.,
a Foreign Profit Corporation,

    Defendants.
_____/

## COMPLAINT

The Plaintiff, **AYELNISH ADDIS** (hereinafter "Plaintiff" or "**ADDIS**"), by and through the undersigned counsel, hereby sues Defendant, **GLOBAL CROSSING AIRLINES,** a Foreign Profit Corporation (hereinafter "Defendant" or "**GLOBAL**"), and in support states as follows:

## JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages exceeding $50,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), to redress injuries resulting from Defendant's unlawful Race and Color based discriminatory treatment of Plaintiff ADDIS. This complaint intends to redress injuries resulting from but not limited to Defendants unlawful, discriminatory treatment of Plaintiff based on Race and Color.

1

2. This is an action by the Plaintiff for damages exceeding $50,000 excluding attorneys' fees or costs for discriminatory treatment and retaliation predicted on Plaintiff's race and color pursuant to 42 U.S.C. §1981 ("§ 1981") to redress injuries resulting from Defendant's unlawful race and color based discriminatory treatment of Plaintiff.

3. This Court has jurisdiction of the claims herein pursuant to the FCRA and §1981.

4. The venue of this action is properly placed in MIAMI DADE County because the Defendant operates a business where plaintiff worked at 4200 NW 36TH Street, Miami, FL 33166, the Miami Internation Airport, within the jurisdiction of this Honorable Court.

5. The Defendant is a Foreign Profit Corporation authorized to conduct business in the State of Florida and registered through the Florida Secretary of State, Document No. F22000001004.

6. Defendant is a covered employer pursuant to Florida Statutes § 760.02(7) as Defendant is and was employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

7. Plaintiff is a covered employee for purposes of the Florida Civil Rights Act and §1981 as plaintiff was a Florida Resident living in Miami Dade Conty, FL, within the jurisdiction of this court.

8. Defendant is alleged to have engaged in an unlawful employment practice pursuant to Florida Law, Federal Law §1981, and the FCRA, §760.10 et sec. Plaintiff also files this case pursuant to Miami Dade County Ordinance Chapter 11A-26, Unlawful Employment Practices.

9. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## GENERAL ALLEGATIONS

11. Plaintiff is a 45 year old Black American female and as such, is part of a protected class of race and color and therefore covered under the FCRA, Chapter 11A and §1981.

12. Plaintiff began working for defendant at the above address on or about December 3, 2021 as an Inflight Supervisor earning approximately $60,000.00 yearly.

13. Plaintiff worked between 10-12 hours per day and 5 days per week.

14. Defendant's headquarters are in Miami but they operate throughout the world.

15. Plaintiff was terminated on June 20, 2024.

16. When plaintiff was terminated, she was already on a pre-approved vacation.

17. Plaintiff was terminated shortly after reporting race and color based discrimination to Marjorie Hernandez, her former supervisor.

18. While employed and during the prior year before she filed her claim with the EEOC, she was discriminated against by being excluded from group activities.

19. These exclusions were due to Plaintiff's race.

20. Plaintiff was excluded from Meet and Greet sessions for new hires.

21. Plaintiff's training manager, Catherine Carbonell intentionally scheduled these events when plaintiff was off work and/or initiated them when Plaintiff would step out of the office.

22. The above discrimination happened frequently, multiple times per month and in fact occurred so many times that Plaintiff lost count.

23. During a group meeting when food was ordered and delivered, Plaintiff's food was given away and when she came into the room asking for her food, she was the only one with out food and coincidentally the only African America Female working.

24. When managers Steven and Marjorie LNU had a birthday party on April 7, 2024, plaintiff was intentionally excluded from text messages and scheduling. The non-black employees were all included.

25. Plaintiff reported this to her manager, Marjorie Hernandez who is coincidentally Catherine's "best friend" and Marjorie dismissed Plaintiff.

26. Plaintiff's treatment led her to serious mental health problems which required professional treatment.

27. Catherine engaged in a collaborative setup to attempt to fire plaintiff as part of her discriminatory scheme. Catherine changed the Check Flight Attendant from Charles Castro to Christophe Eysseric at the last minute and though Plaintiff was told she did great by Christophe, Christophe was instructed to and reported to Catherine that she failed Plaintiff.

28. Plaintiff was also specifically excluded from group photos by Jennifer Alonso (Hispanic), Jim Lego and Bessie Solares due to her race. Non blacks were allowed to be in group photos.

29. Training Manager Catherine Carbonell, a Filipino, stated that only Filipinos should be hired because they work hard. This was told to plaintiff with the implication that blacks do not work hard and was deliberate and intentional discrimination based on Race and Color.

30. Others involved in discrimination include Jessica Moncada, Olaf Gornisiewicz and Jennifer Alonso.

31. Jennifer Diaz also reported discrimination and was aware of the discrimination that occurred towards Plaintiff.

32. Co-workers also discriminated against include Janette Baptiste who was black and Jamaican and was discriminated against by Jamie Dickens and reported to Jennifer in HR.

33. Co-worker Willow informed Plaintiff that she was set up by her non-black supervisors and co-workers to be failed on her check.

34. The only other black employee was fired.

35. All other flights attendants are comparators and a list will be provided during discovery as they are all non-black and were all treated better than plaintiff as the above discriminatory behaviors were not done towards the non-black flight attendants and flight supervisors whose job duties are essentially the same.

36. Any reason for adverse actions against plaintiff were pretextual and not based in fact.

37. Plaintiff was terminated in retaliation for her complaints of race based discrimination and for no other reason.

38. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies. This includes the timely filing of Charge No. 510-2024-091163 which was investigated by the Miami Dade Commission on Human Relations and the EEOC both of whom issued a NRTS less than 90 days prior to the filing of this action. All were mailed to Defendant.

## COUNT I
## RACE AND COLOR DISCRIMINATION UNDER THE FCRA

39. Plaintiff reasserts her allegations in paragraph 1-38 as if fully set forth herein.

40. Section 760.10 of the FCRA states in relevant part:

"(1)   It is an unlawful employment practice for an employer:

(a)   To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

41.   The FCRA accordingly prohibits discrimination based on Race and Color.

42.   The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's race and color, which individuals outside Plaintiff's class were not and would not have been subjected, in violation of the FCRA.

43.   Defendant's alleged bases for its adverse conduct against Plaintiff and retaliation against Plaintiff are pretextual and asserted only to cover up the discriminatory nature of its conduct.  These behaviors included embarrassment, humiliation, setups, exclusion from group activities and termination.

44.   Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and defendant's adverse write ups, exclusions and termination, which reasons it does not have, Plaintiff's Race and color was a significant motivating factor for Defendant's adverse conduct toward Plaintiff.

45.   As a result of Defendant's willful and malicious discriminatory actions as a result of her Race and color, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages, stress, frustration and lack of work. Plaintiff has also experienced and will continue to experience emotional anguish, pain and

suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages if appropriate in this case.

46. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious discriminatory conduct per statute.

47. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

## COUNT II
## RETALIATION UNDER THE FCRA

44. Plaintiff reasserts her allegations in paragraph 1-38 as if fully set forth herein.

45. Section 760.10(7) states:

> "It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated

7

in any manner in an investigation, proceeding, or hearing under this section."

46. The FCRA accordingly prohibits retaliation against an employee for reporting conduct which would violate the terms of the FCRA.

47. Plaintiff's complaints of discrimination and disparate treatment were protected activities under the FCRA, for which she could not be adversely affected or terminated in retaliation.

48. Defendant's alleged bases for its adverse conduct against Plaintiff are pretextual and asserted only to cover up the retaliatory nature of its conduct.

49. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, the exclusions, setup for failure and termiation, which reasons it does not have, Plaintiff's complaints of discrimination were significant motivating factors for Defendant's adverse conduct toward Plaintiff.

50. As a result of Defendant's retaliatory actions, and its willful and malicious discharge of Plaintiff's employment as a result of complaints of discrimination, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

51. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious retaliatory conduct per statute.

52. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

8

F.  Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

G.  Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

H.  Award Plaintiff as to this count prejudgment interest; and

I.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

J.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

## COUNT III
### *Race Discrimination in Violation of 42 U.S.C. § 1981*

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

54. Plaintiff is a member of a protected class under § 1981.

55. By the conduct describe above, Defendant has engaged in discrimination against the Plaintiffs because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

56. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

57. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

58. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of

Plaintiff's employment with the Defendant.

59. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

60. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

61. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Federal law.

62. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

63. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

64. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

K. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

L. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

M. Require Defendant to reinstate Plaintiffs to the position at the rate of pay and with the full benefits Plaintiffs would have had Plaintiffs not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

N. Award Plaintiffs the costs of this action, together with a reasonable attorney fees; and

O. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF MIAMI DADE ORDINANCE CHAPER 11A

65. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

66. Plaintiff is a member of a protected class pursuant to Chapter 11A as outlined below:

Miami Dade Code of Ordinances Chapter 11A-26 states:

(1) It shall be unlawful for any employer to engage in any practices described below on account of the race, color, religion, ancestry, sex, pregnancy, national origin, age, disability, marital status, familial status, gender identity, gender expression, sexual orientation, or actual or perceived status as a victim of domestic violence, dating violence or stalking of any individual or any person associated with such individual:

   (a) To fail or refuse to hire or to otherwise discriminate against any individual;

11

...

(e) To limit, segregate, advertise, recruit or classify any employee or applicant for employment in any way which would deprive any individual of employment opportunities or otherwise adversely affect the individual's employment opportunities or status as an employee on any basis prohibited by this article.

(4) It shall be unlawful employment practice for any employer to discriminate against any of his or her employees or applicants for employment, for an employment agency or similar organization to discriminate against any individual, or for a labor organization to discriminate against any member or applicant for membership because he or she has opposed any practice made unlawful by this article or because he or she has testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this article.

Chapter 11A-10 states:

It shall be an unlawful practice to:

(1) Retaliate or discriminate in any manner against a person because he or she has opposed a practice declared unlawful by this chapter, or because he or she has supported a person or persons protected by this chapter or because he or she has filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding, hearing, or conference conducted under the authority of this chapter; or

(2) Aid, abet, incite, compel or coerce any person to engage in any of the practices prohibited by this chapter or obstruct or prevent any person from complying with the provisions of this chapter.

67. By the conduct describe above, Defendant has engaged in discrimination against the Plaintiffs because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

68. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

69. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

70. At all times material hereto, the employees exhibiting discriminatory conduct

towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

71.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

72.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

73.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Federal law.

74.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

75.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

76.     So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to Chapter 11A, the Civil Rights Attorneys Fee Award Act.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of her above claims.

Date:  December 26, 2024

Respectfully submitted,

*/s/ Daniel H. Hunt*
Daniel H. Hunt, Esq.
Florida Bar No.: 121247
THE MIAMI SHARK P.A.
11767 S. Dixie Hwy #407, Miami, FL 33156
dhuntlaw@gmail.com
Phone: (305) 495-5593
Attorney for Plaintiff

14