UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-20433-JEM

AYELNISH ADDIS,

    Plaintiff,

vs.

GLOBAL CROSSING AIRLINES, INC.,
a Foreign Profit Corporation,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant GLOBAL CROSSING AIRLINES, INC. ("Defendant"), by and through undersigned counsel, hereby responds to the numbered paragraphs of the Complaint filed by Plaintiff AYELNISH ADDIS ("Plaintiff"), and sets forth affirmative defenses. Defendant denies each and every allegation of the Complaint except as may be specifically admitted below. Defendant does not answer or respond on behalf of any individual or entity other than Global Crossing Airlines, Inc. Defendant further states as follows:

### Jurisdiction and Venue

1.    Defendant admits that Plaintiff purports to state claims for race and color discrimination under the Florida Civil Rights Act of 1992 ("FCRA") and 42 U.S.C. § 1981 ("Section 1981"), and that Plaintiff seeks damages arising out of such alleged discrimination. Defendant denies all liability and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

2. Defendant admits that Plaintiff purports to state claims for race and color discrimination and retaliation under the FCRA and Section 1981, and that Plaintiff seeks damages arising out of such alleged discrimination and retaliation. Defendant denies all liability and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

3. Defendant admits that this Court has subject matter jurisdiction over the claims asserted by Plaintiff.

4. Defendant admits that venue is proper in this court.

5. Defendant admits that it is a Delaware corporation that is authorized and registered to conduct business in the State of Florida.

6. Defendant admits that it employed more than 15 employees during the period of time relevant to this action.

7. Defendant is without sufficient information or knowledge with respect to Plaintiff's state and/or county of residency, and therefore denies the allegations in paragraph 7 and leaves Plaintiff to her proof with respect to such allegations.

8. Defendant admits that Plaintiff purports to state claims arising under the FCRA, Section 1981, and Chapter 11A of the Miami-Dade Ordinance, but Defendant denies all liability and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

9. Defendant denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

10. Denied.

## General Allegations

11. Defendant is without sufficient information or knowledge with respect to the allegations in paragraph 11, and therefore denies the allegations in paragraph 11 and leaves

Plaintiff to her proof with respect to such allegations.

12. Defendant admits that Plaintiff commenced employment with Global Crossing Airlines, LLC in December 2021.  Defendant denies the remaining allegations in paragraph 12.

13. Denied.

14. Admitted.

15. Defendant admits that it terminated Plaintiff's employment with an effective date in June 2024, but denies the remaining allegations in paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Defendant admits that Plaintiff failed a written exam and line check.  Defendant denies the remaining allegations in paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Defendant is without sufficient information or knowledge as to what any of Plaintiff's co-workers may or may not have said to her concerning "her check," and therefore denies the allegations in paragraph 33 and leaves Plaintiff to her proof with respect to such allegations.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## Count I

39. Defendant restates its responses to paragraphs 1-38 as if fully set forth and incorporated herein.

40. The language of the FCRA stands on its own, speaks for itself, and is the best evidence of its terms. Defendant denies that Plaintiff has recited all relevant parts of the FCRA.

41. Defendant admits that the FCRA prohibits discrimination because of race and color, but Defendant denies that Defendant engaged in any unlawful or otherwise prohibited conduct and denies the allegations of discrimination recited in Count I.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

Plaintiff's WHEREFORE clause does not set forth factual allegations to which a response is required. To the extent any response is required, Defendant denies any and all liability and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

## Count II[1]

48. Defendant restates its responses to paragraphs 1-38 as if fully set forth and incorporated herein.

49. The language of the FCRA stands on its own, speaks for itself, and is the best evidence of its terms.

50. Defendant admits that the FCRA prohibits retaliation, but Defendant denies that Plaintiff engaged in any protected activity or conduct and denies that Defendant engaged in any unlawful retaliation.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

Plaintiff's WHEREFORE clause does not set forth factual allegations to which a response is required. To the extent any response is required, Defendant denies any and all liability and

---

[1] Plaintiff has misnumbered the paragraphs of the Complaint, starting with Count II and continuing through the end of the Complaint.

denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

## Count III

57. Defendant restates its responses to paragraphs 1-38 as if fully set forth and incorporated herein.

58. Defendant is without sufficient information or knowledge with respect to the allegations in paragraph 58, and therefore denies the allegations in paragraph 58 and leaves Plaintiff to her proof with respect to such allegations.

59. Denied.

60. Denied.

61. Defendant admits that it is aware that race discrimination is illegal, but Defendant denies that it discriminated against or retaliated against Plaintiff because of her race or because of any other protected classification. Defendant denies the remaining allegations in paragraph 61.

62. Defendant denies that anybody exhibited discriminatory conduct towards Plaintiff and denies the allegations in paragraph 62.

63. Defendant denies that anybody exhibited discriminatory conduct towards Plaintiff and denies the allegations in paragraph 63.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

Plaintiff's WHEREFORE clause does not set forth factual allegations to which a response is required. To the extent any response is required, Defendant denies any and all liability and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

### Count IV

69. Defendant restates its responses to paragraphs 1-38 as if fully set forth and incorporated herein.

70. Defendant is without sufficient information or knowledge with respect to the allegations in paragraph 70, and therefore denies the allegations in paragraph 70 and leaves Plaintiff to her proof with respect to such allegations. Defendant further states that the language of the Miami-Dade Ordinance stands on its own, speaks for itself, and is the best evidence of its terms.

71. Denied.

72. Denied.

73. Defendant admits that it is aware that race discrimination is illegal, but Defendant denies that it discriminated against or retaliated against Plaintiff because of her race or because of any other protected classification. Defendant denies the remaining allegations in paragraph 73.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

**Jury Trial Demand**

Defendant denies that Plaintiff has set forth triable issues for presentation to a jury.

**Defenses and Affirmative Defenses**

Defendant sets forth the following defenses and affirmative defenses to the claims raised in the Complaint:

1. To the best of Defendant's information and belief, Plaintiff has failed to exhaust her administrative remedies on her Count I and II claims because: (a) Plaintiff commenced this action fewer than 180 days after she filed her charge of discrimination; and (b) she commenced this action prior to issuance by the Florida Commission on Human Relations of a "Right to Sue" notice.

2. During all relevant times, Defendant maintained effective policies and procedures to prevent discrimination and retaliation in the workplace. Any actions taken contrary to these policies or procedures, to the extent Plaintiff can prove any, contravened Defendant's good faith efforts to comply with anti-discrimination and anti-retaliation laws and were taken without Defendant's consent or authorization.

3. Defendant maintains effective policies and procedures to prevent discrimination and retaliation in the workplace, and Plaintiff failed to avail herself of the complaint mechanisms set forth in those policies and procedures and otherwise failed to avoid harm. During her employment with Defendant, Plaintiff did not complain about unlawful discrimination or retaliation.

4. With respect to Plaintiff's allegations of retaliation, Plaintiff cannot prove that retaliation was the "but for" cause of any alleged adverse employment action.

5. All alleged adverse employment actions were taken for legitimate business reasons wholly unrelated to Plaintiff's race, color, and any protected activity in which Plaintiff allegedly engaged.

6. All actions taken by Defendant were taken in good faith, for good cause, and without malice, indifference, or disregard for Plaintiff's rights.

7. To the extent that any actions of Defendant's employees were discriminatory, retaliatory, or otherwise violated state, federal, or local laws, any such actions were taken without any authority, without Defendant's knowledge or approval, against Defendant's policies, and outside the course and scope of any such employee's employment.

8. Assuming, *arguendo,* that there is any evidence establishing that Plaintiff's race, color, or alleged protected activity was a factor in any personnel decision, Defendant would have made the same decision for legitimate business reasons wholly unrelated to Plaintiff's race, color, or alleged protected activity.

9. Plaintiff has a duty to mitigate her alleged damages by using reasonable diligence to seek equivalent employment. If the information obtained during discovery reveals that Plaintiff failed to mitigate her damages for any period of time period for which she seeks damages, then Plaintiff's recoverable damages (if any) must be reduced by the amount she could have earned with reasonable diligence.

10. Plaintiff's damages, if any, must be reduced or offset by any amount that Plaintiff has earned following her separation of employment.

11. Plaintiff's damages may be barred in whole, or in part, by the doctrine of after-acquired evidence.

Defendant reserves the right to assert such additional defenses and affirmative defenses as may appear applicable during the course of litigation. Defendant respectfully requests that this Court dismiss Plaintiff's claims, enter judgment for Defendant, and award Defendant all relief deemed just and proper, including, without limitation, its attorneys' fees and costs.

    Respectfully submitted,

    STEARNS WEAVER MILLER WEISSLER
     ALHADEFF & SITTERSON, P.A.
    Museum Tower, Suite 2200
    150 West Flagler Street
    Miami, Florida 33130
    Telephone: (305) 789-3200
    Fax: (305) 789-3395

    By: */s/ Andrew L. Rodman*
       Andrew L. Rodman, Esq.
       Florida Bar No. 0192198
       arodman@stearnsweaver.com
       Secondary: mbittner@stearnsweaver.com

    ***Counsel for Defendant***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 4, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

    *s/Andrew L. Rodman*
    ANDREW L. RODMAN, ESQ.

## SERVICE LIST

CASE NO. 1:25-cv-20433-JEM
United States District Court, Southern District of Florida

Daniel H. Hunt, Esq.
***Counsel for Plaintiff***
dhuntlaw@gmail.com
nicole@themiamishark.com
Warren James Pearson, Esq.
***Independent Co-Counsel***
Warren@theMiamiShark.com
warpear@gmail.com
stephanie@themiamishark.com
THE MIAMI SHARK P.A.
11767 S. Dixie Hwy #407
Miami, FL 33156
Telephone: (305) 495-5593

***Service via CM/ECF***